STATE OF MAINE                                      SUPERIOR COURT
KENNEBEC, SS.                                       CRIMINAL ACTION
                                                    Docket No.   CR-10-579
                                                    REM - KEN - 3/3/201

STATE OF MAINE

     v.                                             ORDER REGARDING
                                                    MOTION TO SUPPRESS
BRIAN K. BROWN,

          Defendant


          The defendant filed a motion to suppress various statements he made to law

enforcement officers which defendant contends are in violation of the rights afforded to

him pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). A hearing on the defendant's

motion to suppress was held before this court on January 18, 2011. Subsequent to the

hearing, the State and the defendant submitted legal memoranda for the court's further

consideration.

          Based upon the evidence presented at the January 18, 2011 hearing, the court

makes the following findings.

          On August 7, 2010, Officer Michael Durham of the Gardiner Police Department

heard a report from dispatch to be on the look out for a maroon sedan. Officer Durham

ultimately learned the whereabouts of the sedan at issue and further determined that

the vehicle was registered to the defendant, Brian Brown. Corporal George Neagle of

the Kennebec County Sheriff Department was the primary officer investigating the

underlying burglaries for which the defendant was ultimately charged. Corporal

Neagle was informed by the Gardiner Police Department that the whereabouts of the

defendant's vehicle had been determined to be at 20 Mechanic Street in Gardiner. Prior

to Corporal Neagle's arrival at that location, Officer Durham pulled in behind the

defendant's vehicle with his cruiser. Officer Durham's marked cruiser parked directly behind the defendant's car blocking it in the driveway at 20 Mechanic Street. Officer Durham approached the defendant and prevented him from entering the apartment building at 20 Mechanic Street. Officer Durham told the defendant that another officer (Corporal Neagle) wanted to question him about some burglaries. Officer Durham asked the defendant if Stephen Dingus had been with him. Officer Durham also asked the defendant if he would consent to having his car searched. The defendant initially refused the request to search his vehicle, and that information was passed on to Corporal Neagle prior to his arrival. Officer Durham, along with another Gardiner Police Department officer, who arrived in a separate marked cruiser, was with the defendant approximately twenty minutes before Corporal Neagle arrived on the scene.

Corporal Neagle testified during the hearing that it appeared that Officer Durham was physically detaining the defendant to make sure he would not flee. Corporal Neagle also testified that he had told Officer Durham to hold the defendant at the location because he wanted the defendant detained so he could speak to the defendant. Corporal Neagle further testified that he intended to hold the defendant until he could obtain a search warrant to search the defendant's car, which he further indicated he knew could take a couple of hours.

Subsequent to the defendant's initial refusal to have his car searched, Officer Durham spoke further with the defendant and informed him that their interest in searching the vehicle was related only to looking for stolen property and not to search for any drug or drug related materials within the vehicle. Based upon this assertion, the defendant did voluntarily consent to a search of his vehicle while at 20 Mechanic Street. Upon searching the defendant's vehicle, certain pieces of jewelry were found which were connected to the burglaries, which were the subject of the pending charges.

2

Defendant was subsequently arrested and brought to the Gardiner Police Department where he was provided his *Miranda* warnings.

Even before Corporal Neagle's arrival at 20 Mechanic Street, Officer Durham asked the defendant questions, including whether Stephen Dingus had been with him. Officer Durham also asked questions about property in his vehicle. In response to Officer Durham's inquiries, defendant made statements to the effect that he had driven Stephen Dingus around, and further that he (the defendant) did not go into any houses.

After being informed of his *Miranda* rights at the Gardiner Police Department, the defendant declined to answer any questions, and indicated this position in writing (State's Exhibit #1). At no point subsequent to the exercise of his *Miranda* rights did the defendant formally waive those same rights during later interactions with law enforcement personnel that day.

Evidence was presented at the January 18, 2011 hearing regarding interactions between Corporal Neagle and the defendant while the defendant was being transported by Corporal Neagle from the Gardiner Police Department to the Kennebec County Sheriff's Office. Although there was some dispute in the testimony as to precisely what was stated by Corporal Neagle during the ride from the Gardiner Police Department, the court finds that the defendant made no statements during this particular time frame which require suppression.

Upon arrival at the Kennebec County Sheriff's office, the defendant did make additional statements to law enforcement personnel there. Specifically, defendant eventually made the statement to the effect, "I knew I shouldn't have driven Dingus around." Defendant was clearly in custody at the time this statement was made by him at the Sheriff's office. A separate Kennebec County Deputy, Derek Levasseur, had been sitting with the defendant prior to the defendant making these additional statements.

3

Corporal Neagle was attending to other issues regarding the investigation of this case. Deputy Levasseur and the defendant had known each other from playing football against each other. In that context, there was conversation between Deputy Levasseur and the defendant, which led Deputy Levasseur to making a comment to the effect, "Its not how you start its how you finish." Subsequent to those comments between the defendant and Deputy Levasseur, the defendant expressed some interest in speaking further with Corporal Neagle.

Upon Corporal Neagle's reentry into the room where the defendant was being held, Corporal Neagle reminded the defendant that he had already invoked his *Miranda* rights to remain silent. Nonetheless, the defendant made this statement referred to above not in response to any question posed by Corporal Neagle or Office Levasseur.

## ANALYSIS

The initial analysis with respect to the statements made by the defendant while at 20 Mechanic Street center on whether the defendant was in custody at the time. The Law Court has indicated in *State v. Grant*, 2008 ME 14, ¶¶ 24-25, 939 A.2d 93, 100-01:

> In the context of a motion to suppress, the State bears the burden of proving, by a preponderance of the evidence, that a suspect was not in custody at the time he or she made incriminating statements . . . .
>
> Ultimately, whether a suspect was in custody at the time of an interrogation depends upon whether a reasonable person in the suspect's circumstances would have felt that he or she was subject to "'formal arrest or restraint on freedom of movement' [to] the degree associated with formal arrest."

(Citations omitted.)

The Court again went on to list a number of objective factors to analyze in determining whether one is in custody including:

1.    The party who initiated the contact.

4

2. The existence or non-existence of probable cause to arrest (to the extent communicated to the defendant).

3. Subjective views, beliefs, or intent that the police manifested to the defendant, to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave.

4. The focus of the investigation (as a reasonable person in the defendant's position would perceive it).

5. The number of law enforcement officers present.

6. The degree of physical restraint placed upon the suspect.

7. The duration and character of the interrogation. These factors are viewed in their totality, and not in isolation.

Based upon the factual findings set forth above, and the legal factors to apply in determining whether a custodial setting exists, the court concludes that the defendant was in custody at the time of his questioning by officer Durham at the 20 Mechanic Street location in Gardiner. A reasonable person in the defendant's circumstances at 20 Mechanic Street would have felt that he was subject to a restraint on his freedom of movement to the degree associated with a formal arrest, given the presence of the three police officers and the three cruisers, one of which was blocking the defendant's vehicle in the driveway, the defendant having been told that another officer wanted to question him about some burglaries, and that it appeared, even from the testimony of one of the officers himself, that one of the officers was physically detaining the defendant to make sure that he would not flee. Although the standard to apply is an objective standard, defendant's own testimony during the January 18, 2011 hearing was that he felt that he had no choice but to stay with the officers at 20 Mechanic Street in Gardiner.

It is not disputed that no *Miranda* warnings were provided to the defendant at any point prior to the questioning of the defendant while at the 20 Mechanic Street location. Thus, the statements provided to the police in response to the interrogation by the police officer at that location must be, and are accordingly, suppressed.

Although the defendant continued to remain in custody at the time subsequent statements were made by him in the Sheriff's office, the analysis and conclusions are not necessarily the same with respect to the latter statements by the defendant. By the time the latter statements were made by the defendant, he had clearly exercised his *Miranda* rights to remain silent at the Gardiner Police Department, after his formal arrest had been initiated. Once the defendant had indicated his wish to remain silent, the interrogation at the Sheriff's office had ceased. The court concludes that no interrogation was resumed by Officer Levasseur while he was sitting with the defendant later in the Sheriff Department's offices.

The Law Court in *Grant* also noted:

> After a suspect has invoked his right to remain silent, he cannot be found later to have waived that right by responding to later police questioning unless his invocation of that right has been "scrupulously honored."

> However, the in-custody assertion of the right to remain silent does not act as an impenetrable bar to future in-custody questioning.

*Grant*, 2008 ME 14, ¶¶ 41-42, 939 A.2d at 104 (citations omitted).

With respect to defendant's latter statements made while at the Kennebec County Sheriff's office, the court concludes that the defendant's rights were "scrupulously honored" and further, that the statements made by the defendant were not in response to further questioning or interrogation by the police. The court does not find that the statement by Officer Levasseur with regard to "[i]ts not how you start but how you finish" was police interrogation or the kind of subtle pressure that might constitute interrogation in certain context.[1]

---

[1] The testimony presented at the hearing by Officer Levasseur and the defendant was substantially different with regard to the context of the statement made by Officer Levasseur. The court finds Officer Levasseur's testimony, which was more limited and focused on this statement being made in the context of their prior football contact as being more credible than the defendant's version which focused on the

Upon being summonsed back to the room where the defendant was waiting at the Sheriff's Department, Corporal Neagle again reminded the defendant that he had already invoked his *Miranda* rights prior to hearing the defendant's unsolicited statement.

Accordingly, the court does not conclude that the latter statements made at the Sheriff's Department constituted a violation of the defendant's *Miranda* rights. The statements thus made are, accordingly, not suppressed. In accordance with the findings and conclusions set forth above, the defendant's motion to suppress is granted, in part, and denied, in part.

DATED: 3/3/11

Robert E. Murray
Justice, Superior Court

---

Officer Levasseur's own private history and alleged difficulty in his own juvenile history, which Officer Levasseur explicitly denied in his rebuttal testimony.

BRIAN K BROWN
746 CHURCH HILL RD
AUGUSTA ME 04330

DOB: 05/17/1975
Attorney: WILLIAM BAGHDOYAN
       WILLIAM BAGHDOYAN, ATTORNEY AT LAW
       72 WINTHROP STREET SUITE 2
       AUGUSTA ME 04330
       APPOINTED 09/27/2010

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/09/2010

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2010-00579

**DOCKET  RECORD**

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

**1   BURGLARY**                                              **08/07/2010 BELGRADE**
**Seq 8484   17-A   401(1)(B)(4)          Class B**
  **NEAGLE                   / KEN**

**2   THEFT BY UNAUTHORIZED TAKING OR TRANSFER   08/07/2010 BELGRADE**
**Seq 8428   17-A   353(1)(B)(5)          Class D**
  **NEAGLE                   / KEN**

**3   BURGLARY**                                              **08/07/2010 BELGRADE**
**Seq 8484   17-A   401(1)(B)(4)          Class B**

**4   CRIMINAL MISCHIEF**                                     **08/07/2010 BELGRADE**
**Seq 4959   17-A   806(1)(A)             Class D**
  **NEAGLE                   / KEN**

**5   THEFT BY UNAUTHORIZED TAKING OR TRANSFER   08/07/2010 BELGRADE**
**Seq 8423   17-A   353(1)(A)             Class E**
  **NEAGLE                   / KEN**

## Docket Events:

08/09/2010 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 08/09/2010

08/09/2010 Charge(s): 1,2
      HEARING -  INITIAL APPEARANCE SCHEDULED FOR 08/09/2010 @ 1:00

      NOTICE TO PARTIES/COUNSEL
08/11/2010 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/11/2010

08/11/2010 Charge(s): 1,2
      HEARING -  INITIAL APPEARANCE HELD ON 08/09/2010
      M MICHAELA MURPHY , JUSTICE
      Defendant Present in Court
08/11/2010 Charge(s): 1,2
      HEARING -  STATUS CONFERENCE SCHEDULED FOR 10/12/2010 @ 10:00

08/11/2010 Charge(s): 1,2
           PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 08/09/2010


08/11/2010 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 08/09/2010
           M MICHAELA MURPHY , JUSTICE
           NO CONTACT WITH JEFFREY AND JULIE BICKFORD, NOT TO ENTER ANY RESIDENCED, PLACE OF
           EMPLOYMENT OR PLACE OF EDUCATION, MAY BE REVIEWED
08/12/2010 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/12/2010
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
08/12/2010 Party(s):  BRIAN K BROWN
           ATTORNEY -  APPOINTED ORDERED ON 08/12/2010


           Attorney:  JAMES MOONEY
08/12/2010 Charge(s): 1,2
           HEARING -  STATUS CONFERENCE NOTICE SENT ON 08/12/2010


09/13/2010 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 09/09/2010


09/20/2010 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 09/27/2010 @ 8:30


           NOTICE  TO PARTIES/COUNSEL
10/04/2010 HEARING -  MOTION TO AMEND BAIL HELD ON 09/27/2010
           M MICHAELA MURPHY , JUSTICE
           Defendant Present in Court
10/04/2010 MOTION -  MOTION TO AMEND BAIL GRANTED ON 09/27/2010
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
10/04/2010 BAIL BOND - $10,000.00 CASH BAIL BOND SET BY COURT ON 09/27/2010
           M MICHAELA MURPHY , JUSTICE
           OR 75,000 SURETY, NO POSSESSION OF DANGEROUS WEAPONS, INCLUDING FIREARMS, SUBMIT TO SEARCH
           AT ANY TIME WITHOUT PROBABLE CAUSE, NO CONTACT WITH JEFFREY AND JULIE BICKFORD, OR STEPHEN
           DINGUS, NOT TO ENTER THEIR RESIDENCE, PLACE OF EMPLOYMENT OR PLACE OF EDUCATION, CURFEW OF
           8 PM TO 6 AM, NO USE OR POSSESSION OF ILLEGAL DRUGS, SUBMIT TO SEARCH AND TESTING AT ANY
           TIME WITHOUT PROBABLE CAUSE.
10/04/2010 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 09/27/2010


10/04/2010 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/27/2010
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL
10/04/2010 Party(s):  BRIAN K BROWN
           ATTORNEY -  WITHDRAWN ORDERED ON 09/27/2010


           Attorney:  JAMES MOONEY
10/04/2010 Party(s):  BRIAN K BROWN
           ATTORNEY -  APPOINTED ORDERED ON 09/27/2010


           Attorney:  WILLIAM BAGHDOYAN
10/13/2010 Charge(s): 1,2
           HEARING -  STATUS CONFERENCE HELD ON 10/12/2010
           DONALD H MARDEN , JUSTICE
           Attorney:  WILLIAM BAGHDOYAN
           DA:  BRAD GRANT

Defendant Present in Court

10/13/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE SCHEDULED FOR 12/14/2010 @ 8:30

10/13/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOTICE SENT ON 10/13/2010

10/29/2010 Charge(s): 1,2
HEARING - STATUS CONFERENCE NOT HELD ON 10/29/2010

10/29/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT SCHEDULED FOR 11/30/2010 @ 8:30

10/29/2010 Charge(s): 1,2,3,4,5
SUPPLEMENTAL FILING - INDICTMENT FILED ON 10/28/2010

10/29/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT NOTICE SENT ON 10/29/2010

12/01/2010 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT HELD ON 11/30/2010
ROBERT E MURRAY JR, JUSTICE
Attorney: WILLIAM BAGHDOYAN
DA: BRAD GRANT          Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
12/01/2010 Charge(s): 1,2,3,4,5
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/30/2010

12/01/2010 Charge(s): 1,2,3,4,5
TRIAL - DOCKET CALL SCHEDULED FOR 01/03/2011 @ 9:30

12/17/2010 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 12/16/2010

12/17/2010 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/03/2011 @ 9:30

NOTICE  TO PARTIES/COUNSEL
12/30/2010 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 12/29/2010

01/11/2011 Charge(s): 1,2,3,4,5
TRIAL - DOCKET CALL HELD ON 01/03/2011

01/11/2011 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 01/18/2011 @ 9:00

NOTICE  TO PARTIES/COUNSEL
01/11/2011 HEARING - MOTION FOR DISCOVERY CONTINUED ON 01/03/2011

01/11/2011 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/18/2011 @ 9:00

NOTICE  TO PARTIES/COUNSEL
01/31/2011 OTHER FILING - OTHER DOCUMENT FILED ON 01/28/2010

```
                STATE'S CLOSING ARGUMENT ON DEFENDANT'S MOTION TO SUPPRESS
01/31/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 01/28/2011


                MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
02/14/2011 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 02/14/2011


                Attorney:  WILLIAM BAGHDOYAN
                AGREED UPON ORDER FILED
02/18/2011 Charge(s): 1,2,3,4,5
                TRIAL -  DOCKET CALL SCHEDULED FOR 03/09/2011 @ 9:15


03/03/2011 HEARING -  MOTION TO SUPPRESS STATEMENT HELD ON 01/18/2011
                ROBERT E MURRAY JR, JUSTICE
                Attorney:  WILLIAM BAGHDOYAN
                Defendant Present in Court
03/03/2011 MOTION -  MOTION TO SUPPRESS STATEMENT GRANTED ON 03/03/2011
                ROBERT E MURRAY JR, JUSTICE
                COPY TO PARTIES/COUNSEL                                 GRANTED IN PART
03/03/2011 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 03/03/2011
                ROBERT E MURRAY JR, JUSTICE
                COPY TO PARTIES/COUNSEL                                 DENIED IN PART
03/03/2011 ORDER -  COURT ORDER FILED ON 03/03/2011
                ROBERT E MURRAY JR, JUSTICE
                ORDER ON MOTION TO SUPPRESS
```

A TRUE COPY
ATTEST: _____ __ _____
                        Clerk